UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13664-GAO

WILLIAM CARPENTER,
Petitioner,

v.

PROBATE AND FAMILY COURT MIDDLESEX COUNTY,
Respondent.

MEMORANDUM AND ORDER
October 29, 2015

O'TOOLE, D.J.

For the reasons set forth below, the Court denies the petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**I.   Background**

On October 28, 2015, William Carpenter filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. According to the petition and exhibits thereto, on October 22, 2015, Justice Maureen Monks of the Middlesex County Probate and Family Court found Carpenter in contempt for willfully refusing to pay $13,297 in child support when he was able to do so. She ordered him to pay $5,000 towards arrears on or before November 2, 2015 at 9:00 a.m. Justice Monks also sentenced him to jail for a period of 10 days or until he purges himself of the contempt by paying $5,000. She suspended the sentence until November 2, 2015.

Carpenter contends that the finding of contempt was made in violation of his right to due process. He vehemently disagrees with the state court's conclusions about his ability to pay the

required amount of child support. The petitioner also challenges the child support order on the ground that it amounts to a "windfall" for his estranged wife.

Carpenter represents that he attempted to file a petition for a writ of habeas corpus in state court. He was informed that the proper mechanism for seeking relief from the contempt order is a petition for relief from a Single Justice of the Supreme Judicial Court. See M.G.L. ch. 231, § 118 para. 1. According to the petitioner, "almost all petitions to the Single Justice are summarily denied." Pet. at 3, ¶ 11. He also reports that a similar petition he filed approximately a year ago (which did not involve a jail sentence) was "summarily denied." Id.

The petition has not been served pending the Court's preliminary review of this action. See Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

## II. Discussion

To be eligible for habeas relief,[1] a petitioner must exhaust the remedies available to him in state court. See 28 U.S.C. § 2254(b)(1). This requirement is only inapplicable when "there is an absence of available State corrective process" or "circumstances exist that render such process

---

[1] For purposes the Court will assume that Carpenter is "in custody" for federal habeas purposes. Because Carpenter was actually sentenced to jail, his case may be distinguished from the First Circuit's holding in Tinder v. Paula, 725 F.2d 801 (1st Cir. 1984), that a fine-only conviction does not satisfy the habeas "in custody" because "[t]he fine itself is not a serious restraint and the possibility that the court will resort to imprisonment to enforce the fine is considered too remote and speculative to warrant the invocation of federal habeas jurisdiction." Id. at 804. Here, the possibility that Carter will be taken into custody is not remote or speculative. The state court has ordered that he be jailed on November 2, 2015 if he fails to pay $5,000 by that time. See also Sammons v. Rodgers, 85 F.2d 1343, 1345 (5th Cir. 1986) (per curiam) (defendant subject to a suspended sentence carrying a threat of future imprisonment is "in custody" for purposes of § 2254).

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). This exhaustion requirement "is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).

Here, there is no indication that Carpenter has exhausted his state remedies or that he should be excused from doing so. He does allege that most petitions to the Single Justice are summarily denied. However, this assertion does not come close to establishing either an absence of state corrective processes or the existence of circumstances rendering such processes ineffective. Carpenter's petition for relief from a Single Justice—the very mechanism by which a party aggrieved by an interlocutory order of the probate and family court—is pending. Unless and until pursues all of his state court remedies, the petitioner cannot obtain habeas relief in this Court.

### **III.** **Conclusion**

Accordingly, the petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.

GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE